**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alfredo SANDOVAL–VALLEJO, Also
Known as Alfredo Vallejo, Also
Known as Alfredo Galindo, Defen-
dant–Appellant.**

No. 06–50295
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 2007.

Joseph H. Gay, Jr., Assistant U.S. At-
torney, U.S. Attorney's Office, Western
District of Texas, San Antonio, TX, for
Plaintiff–Appellee.

Philip J. Lynch, Federal Public Defend-
er's Office, Western District of Texas, San
Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, SMITH
and STEWART, Circuit Judges.

*ON REMAND FROM THE SUPREME
COURT OF THE UNITED
STATES*

PER CURIAM: *

This court affirmed the sentence of Al-
fredo Sandoval–Vallejo. The Supreme
Court vacated and remanded for further
consideration in light of *Lopez v. Gonzales,*
—— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d
462 (2006). Sandoval–Vallejo challenges
the district court's increase in his term of
imprisonment based on its determination
that his conviction of cocaine possession
constituted an aggravated felony for pur-
poses of U.S.S.G. § 2L1.2(b)(1)(C). Al-
though Sandoval–Vallejo has been released
from prison, his case is not moot, because
he is serving his supervised release term
and is present in the United States. *Cf.
United States v. Rosenbaum–Alanis,* 483
F.3d 381, 382–83 (5th Cir.2007).

Under *Lopez,* the district court commit-
ted plain error. *See Lopez,* 127 S.Ct. at

---

633; *United States v. Villegas,* 404 F.3d 355, 364 (5th Cir.2005). Because Sandoval–Vallejo has shown that there is a reasonable probability that he would have received a lesser sentence if not for misapplication of the guidelines, the plain error affected his substantial rights and seriously affected the fairness of the proceeding. *See Villegas,* 404 F.3d at 364–65.

Accordingly, the conviction is AFFIRMED, and the sentence is VACATED and REMANDED for resentencing. On remand, Sandoval may seek a modification of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(2).

---

* Pursuant to 5TH CIR. R. 47.5, the court has     determined that this opinion should not be